```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN WHITE                         : CIVIL ACTION
                                   :
     vs.                           :
                                   : NO. 11-CV-4919
THE HON COMPANY and                :
STAPLES, INC.                      :
```

### MEMORANDUM AND ORDER

**JOYNER, C.J.**                                              **April 12, 2012**

This civil action has been brought before the Court on Motions of the Defendants, The Hon Company and Staples, Inc. to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the motions to dismiss shall be granted and this matter dismissed.

### Statement of Relevant Facts

According to the allegations contained in the Plaintiff's complaint, he was injured on July 9, 2007 when the chair in which he was sitting suddenly collapsed and he fell to the floor. At the time of this incident, Plaintiff was "in the course and scope of his employment with People for People, Inc. in Philadelphia, Pennsylvania." (Complaint, ¶III). Plaintiff further alleges that the defendants "are manufacturers, marketers, sellers and distributors of office furniture and, in particular, the chair

which is the subject matter of this litigation." (Complaint, ¶II). Although the "chair and its parts" were purportedly "expressly and impliedly warranted by the defendants to be reasonably fit, merchantable and suitable for the ordinary purposes for which they were to be used," neither the said chair nor its component parts were in fact "merchantable, fit and suitable for the ordinary purposes for which they were to be used," nor were they "suitable and fit for a particular purpose." (Complaint, ¶s IV - VI). As a result of the failure of the chair and/or its components to meet these standards, the plaintiff suffered serious injuries for which he seeks redress from the defendants in an amount in excess of $75,000.

Plaintiff initiated this action[1] in the Court of Common Pleas of Philadelphia County by filing a Praecipe for a Writ of Summons on July 7, 2011. The action was served upon Defendant Staples on July 15, 2011 which then, on August 1, 2011 filed its Notice of Removal to this Court. It was not until January 14, 2012 that Plaintiff filed the within "Civil Action Complaint Under the Uniform Commercial Code" seeking damages for his

---

[1] This is actually the second lawsuit initiated by Plaintiff in the Court of Common Pleas of Philadelphia County arising out of this incident. As is evidenced by the exhibits attached to Defendant Staples' motion, on September 25, 2009, Plaintiff sued Staples and Global Upholstery, Co. (which was alleged to have also been one of the "manufacturers, marketers, sellers and distributors of office furniture, and in particular the chair which is the subject matter of this litigation," under the theories of negligence, strict liability in tort and breach of warranty. (See, Exhibit "B"). For unknown reasons, however, Plaintiff voluntarily discontinued that action on or about August 31, 2010 without prejudice. (See, Exhibit "C").

personal injuries.  By these pending motions, both defendants seek dismissal of the complaint and/or judgment in their favor on the grounds that this action is time-barred under the state statutes of limitations.  We agree.

**Standards Applicable to Rule 12(b)(6) and 12(c) Motions**

Generally speaking, in considering motions to dismiss under Rule 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Sheridan v. NGK Metals Corp., 609 F.3d 239, 262, n. 27 (3d Cir. 2010); Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002).  To survive a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007); Holmes v. Gates, 2010 U.S. App. LEXIS 25489 at *3 (3d Cir. Dec. 10, 2010).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Santiago v. Warminster Township, 629 F.3d 121, 126 (3d Cir. 2010).  "It is therefore no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct."  Umland v. Planco

3

Financial Services, Inc., 542 F.3d 59, 64 (3d Cir. 2008)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

    Moreover, although Fed. R. Civ. P. 8(c) requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... the statute of limitations, ..." if the allegations in the complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 920-921, 166 L. Ed.2d 798 (2007).  In other words, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face."  Id, (quoting Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

    In like fashion, Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."  This rule confers on district courts the power to enter judgment based solely on the pleadings. Goebel v. Houstoun, Civ. A. No. 01-2386, 2003 U.S. Dist. LEXIS 6588 at *3 (E.D. Pa. March 31, 2003)(quoting Corrigan v. Methodist Hospital, 158 F.R.D. 70, 71 (E.D. Pa. 1994).  A motion for judgment on the pleadings has thus been described as a procedural hybrid of a motion to dismiss and a motion for summary judgment.  Westport Insurance Corp. v.

Black, Davis & Shue Agency, Inc., 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007).  Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.  Sikirica v. Nationwide Insurance Co., 416 F. 3d 214, 220 (3d Cir. 2005); CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 183 (3d Cir. 1999).  In ruling on such motions, the courts must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the nonmoving party.  Allstate Property & Casualty Co. v. Squires, 667 F.3d 388, 390 (3d Cir. 2012).

## Discussion

As noted above, the basis for the defendants' motions is that Plaintiff is precluded from now recovering for his personal injuries by operation of the state statute of limitations. Plaintiff, in turn, argues that the statute of limitations has been tolled because he has brought this action under the Uniform Commercial Code.

While we do not fully understand Plaintiff's argument in opposition to the motions for dismissal that are now before us, what is clear is that Plaintiff recognizes that he is precluded from suing for his injuries under the theories of negligence or strict liability in tort (*i.e.,* Restatement (Second) of Torts,

§402A) by virtue of the two-year limitation for personal injury suits imposed by 42 Pa. C. S. §5524.[2]  Indeed, the gravamen of the complaint in this case is the purported failure of merchantability and failure of fitness for a particular purpose of the chair from which he fell on July 9, 2007.  Thus, Plaintiff asserts that the appropriate statute of limitations in cases like this one "where there is a sale of goods," is the four-year limitations period provided for actions for breach of contract and/or breach of warranty under 13 Pa. C. S. A. §2725. Specifically, that statute reads, in relevant part:

> **§2725 Statute of limitations in contracts for sale**
>
> **(a) General rule.** - An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> **(b) Accrual of cause of action.** - A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of

---

[2]  That statute provides the following in pertinent part:

§5524.  Two year limitation.

The following actions and proceedings must be commenced within two years:
   ...
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

   ....

such performance the cause of action accrues when the breach is or should have been discovered.

...

In Williams v. West Penn Power Co., 502 Pa. 557, 467 A.2d 811 (1983), the Pennsylvania Supreme Court addressed, head-on, the question of whether the statute of limitations for tort actions or the Uniform Commercial Code §2-725 is applicable in suits brought under the Code that allege personal injury. Recognizing that evolution in breach of warranty claims had essentially obviated the requirement of privity in most instances, the state Supreme Court declared that:

> "...section 2-725 of the [Uniform Commercial] Code applies to all breach of warranty actions brought under the Code and ... no exception will be made merely because the claim seeks to recover for personal injury. Thus all claimants receiving injury in the manner of Mr. Williams and Mr. Banks [severe burns suffered when allegedly defective ladder platform hoist they were lowering contacted power lines] have the **option** of proceeding in tort, governed by the tort statute of limitations, or under the Code, governed by the Code statute of limitations. (Emphasis supplied)

Id., 502 Pa. at 570, 467 A.2d at 818. Under the Code, the statute of limitations period begins at the time of the tender or sale of the allegedly defective product and not at the time the breach is discovered or an injury occurs. McCracken v. Ford Motor Co., 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008)(citing 13 Pa. C. S. A. §2725(a), (b)). As the Pennsylvania Supreme Court has explained,

> Section 2725 sets tender of delivery as the point at which the cause of action accrues because the section "presumes

>that all warranties, express or implied, relate only to the condition of the goods at the time of sale." (citation omitted) ... Such warranties are breached, if at all, when the goods are delivered but do not meet that standard. Of course, the deficiency contained in the goods may not be discovered by the buyer within four years of delivery. However, "in the usual circumstances,... defects are apt to surface within that time period, and the few odd situations where this is not the case, resulting in hardship to the buyer, are thought to be outweighed by the commercial benefit derived by allowing the parties to destroy records with reasonable promptness."

<u>Nationwide Insurance Co. v. General Motors Corp.</u>, 533 Pa. 423, 427, 625 A.2d 1172, 1174 (1993)(quoting, *inter alia*, William D. Hawkland, *Uniform Commercial Code Series* §2-725:02, at 480 (1984)). The tort discovery rule does not apply to breach of warranty actions. <u>Northampton County Area Community College v. Dow Chemical, U.S.A.</u>, 389 Pa. Super. 11, 28, 566 A.2d 591, 599 (1989), *aff'd*, 528 Pa. 502, 598 A.2d 1288 (1991).

Applying these principles, we note that the Plaintiff's complaint alleges only that on July 9, 2007 while in the course and scope of his employment, he fell from the chair on which he was sitting to the floor and suffered serious injuries. It is further alleged that this chair was manufactured and sold by the defendants, that although the chair and its component parts were expressly and impliedly warranted by the defendants to be reasonably fit, merchantable and suitable for the ordinary purposes for which they were to be used, they were not so fit and they "did, in fact, cause the plaintiff's injuries."  (Complaint, ¶s III - VII). The complaint is silent as to who purchased the

chair or when it was delivered, although in his response to the within motions, Plaintiff acknowledges that the chair was delivered to his employer, People for People on a "date unknown but admittedly on or before July 9, 2007." (Plaintiff's Memorandum of Law Contra Defendants' Motions to Dismiss, at p. 3). The complaint likewise contains no averments or alleged facts which in any way suggest that a warranty that explicitly extends to future performance of the goods may exist. Given the absence of such pre-requisite allegations, we can only conclude that the complaint fails to state a cause of action upon which relief may be granted for breach of warranty and it is for this reason that we now grant the defendants' motions to dismiss.

An order follows.